```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JOSEPH W. DORN,

            Plaintiff,

vs.                                    Case No. 2:03-cv-539-FtM-29SPC

COMMISSIONER OF INTERNAL REVENUE SERVICE,

            Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion for Summary Judgment (Doc. #66), filed December 22, 2004. Plaintiff filed a Motions, Answers to Judge John E. Steele's Court Order (Doc. #74), construed as a response, on February 2, 2005. Also before the Court is plaintiff's Motion for Summary Judgment in Favor of Plaintiff (Doc. #81), filed on March 11, 2005. Defendant filed an Opposition to Motion for Summary Judgment in Favor of Plaintiff (Doc. #83) on March 18, 2005.

**I.**

    Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is

sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id.

The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000), cert. denied 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). In the summary judgment context, the Court must construe *pro se* pleadings

more liberally than those of a party represented by an attorney. <u>Loren v. Sasser</u>, 309 F.3d 1296, 1301 (11th Cir. 2002).

**II.**

The Complaint for Declaratory and Injunctive Relief (Doc. #1), filed September 16, 2003, alleges that the Internal Revenue Service (IRS) has violated the Freedom of Information Act (FOIA). Read liberally, plaintiff Joseph W. Dorn alleges three FOIA requests, dated August 14, 2003, August 28, 2003, and September 9, 2003. Although plaintiff and defendant discuss other correspondence and other issues, the Court will limit its consideration to the three FOIA requests alleged in the Complaint.

**A.  August 14, 2003 Request:**

By letter dated August 14, 2003, plaintiff requested a copy of the Form 23C Assessment Certificate signed by the Assessment Officer for tax years 1987 through 1989 which was specific to him and no one else. Plaintiff requested that all responsive documents be certified with a Form 2866 Certificate of Official Record, and that a Form 3050 Certificate of Lack of Record be certified if no documents were responsive.

This FOIA request was received by the IRS on August 20, 2003. By letter dated September 18, 2003, plaintiff was notified that his request could not be fulfilled because the Form 23C does not contain taxpayer-specific information. As a "customer service," the IRS did send plaintiff his Individual Master File (IMF)

transcripts for the pertinent tax years, which contained the underlying information sought by plaintiff.  The IRS also told plaintiff that Form 23C is a Summary Record of Assessments which was not maintained by the Jacksonville Office, and advised that he should forward his request to the Atlanta Campus Disclosure Office.  No Form 2866 was provided because there were no records found which were responsive to plaintiff's request.  No Form 3050 was provided because execution of such a form was prohibited by the IRS Manual.

**B.   August 28, 2003 Request:**

By letter dated August 28, 2003, plaintiff requested a copy of the certified mailing log located in the IRS Automated Non-Master File (NMF) system pertaining to tax years 1987 through 1989, in order to establish that a fourth notice of assessments was mailed to him by the IRS.

The IRS received this FOIA request between August 25 and September 9, 2003.  By letter dated September 23, 2003, the IRS responded that after a search no record of a certified mailing log in the NMF was found.  By letter dated December 10, 2004, IRS counsel sent plaintiff a copy of the certified mailing log for Dorn's 1987 through 1989 tax years, which was found by a subsequent manual search.

**C.   September 9, 2003 Request:**

By letter dated September 9, 2003, plaintiff requested copies of (1) Pattern Letters 2438(P) and 2439(P) for his tax year 1999,

(2) a Form 3552 pertaining to his tax year 1999, and (3) the written authorization from the IRS's counsel or his delegate.

This FOIA request was received by the IRS on September 22, 2003. By letter dated October 20, 2003, the IRS informed plaintiff that it had no records of the requested documents relating to his tax year 1999. By letter dated October 7, 2004, written after a second search, the IRS provided plaintiff with the Pattern Letters pertaining to tax years 1987 through 1989 and a Form 3552 dated July 28, 1988. The IRS found no record of the requested written authorization, and the IRS responded that it had no responsive record. In short, no record was responsive to the actual request.

**D. Administrative Appeals:**

The IRS records reflect that plaintiff did not file any administrative appeals from any of the actions of the IRS between January 15, 2001 and November 13, 2003. Plaintiff does not contend that he filed any such appeals. The Complaint (Doc. #1) was filed on September 16, 2003.

## III.

Defendant argues that plaintiff has failed to exhaust his administrative remedies with respect to the three FOIA requests; that the issues are now moot because the IRS has in fact provided

plaintiff with the requested documents which exist; and that plaintiff is not entitled to attorney fees or costs.

"The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)(collecting cases). Two types of exhaustion exist. "Actual exhaustion occurs when the agency denies all or part of a party's document request. Constructive exhaustion occurs when certain statutory requirements are not met by the agency," like applicable time limits. Id. at 1368. Under 5 U.S.C. § 552(a)(6)(C)(i), "[a]ny person making a request to any agency for records [ ] of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." Under 5 U.S.C. § 552(a)(6)(A)(i), the agency has 20 days, excluding weekends and holidays, after receipt of a request in which to determine whether to comply with the request and to notify the person of that determination, the reasons, and the right to appeal any adverse determination to the head of the agency.

**A.  August 14, 2003, Request:**

The August 14, 2003, request was received by the IRS on August 20, 2003, and the IRS response was issued on September 18, 2003. The twenty days for the IRS to respond expired on September 18, 2003, and therefore the IRS response was timely. Indeed, since the

Complaint was filed on September 16, 2003, the Complaint was premature. The IRS response did not contain notification of the right to appeal to the head of the agency, but the determination was not "adverse." The IRS did not decide not to comply with the request, but rather determined that the documents described did not exist, must be requested from another office, or could not be created. Therefore plaintiff was required to exhaust his administrative remedies prior to filing the FOIA suit. Plaintiff's premature filing of the suit does not relieve him of his administrative obligations. In any event, the IRS properly responded to the request, and therefore did not violate the FOIA.

**B.  August 28, 2003 Request:**

Requests dated August 12, 2003 through August 29, 2003, were received between August 25, 2003, and September 9, 2003, and responded to by a letter dated September 23, 2003. (Doc. #66, Ex. 9, p. 6-7, 9-10). The response was timely, the Complaint was filed prematurely prior to the expiration of the time in which the IRS was required to respond, and plaintiff failed to exhaust administrative remedies. Additionally, the IRS belatedly provided the requested documents therefore the case is moot as to this request. Since nothing further remains to be produced, the continuation of the case would be futile. See Chilivis v. Securities & Exch. Comm'n, 673 F.2d 1205, 1210 (11th Cir. 1982).

**C. September 9, 2003 Request:**

The September 9, 2003, request was received by the IRS on September 22, 2003. The IRS response was dated October 20, 2003, and documents were provided on December 10, 2004. Since plaintiff filed the lawsuit on September 16, 2003, it was premature and plaintiff failed to exhaust his administrative remedies. In any event, the IRS properly responded that no requested documents existed, but provided other documents to plaintiff. There was no violation of the FOIA.

**D. Other Requests:**

To the extent that the July 18, 2003; September 24, 2003; and October 9, 2003, requests may be construed as FOIA requests subject to the Complaint, the Court finds that plaintiff failed to exhaust his administrative remedies as to those requests since the response time for the July 18, 2003, received October 2, 2003, did not expired until after the filing of the Complaint and the other requests were not made until after the filing of the Complaint.

**IV.**

To the extent that plaintiff argues that he is entitled to fees and costs, the Court disagrees. Plaintiff must have substantially prevailed to assess costs and fees against the IRS, and the Court must have determined that an award is justified. 5 U.S.C. § 552(a)(4)(e); Clarkson v. IRS, 678 F.2d 1368, 1371 (11th Cir. 1982). As a pro se litigant, plaintiff is not entitled to

attorney's fees. <u>Clarkson</u>, at 1371.  Secondly, although plaintiff could be entitled to costs, plaintiff did not substantially prevail in the case.  Therefore, no fees and costs would be awarded.

Accordingly, it is now

**ORDERED**:

1.  Defendant's Motion for Summary Judgment (Doc. #66) is **GRANTED**.  The Clerk shall enter judgment in favor of defendant and against plaintiff who shall take nothing.

2.  Plaintiff'S Motion for Summary Judgment in Favor of Plaintiff (Doc. #81) is **DENIED**.

3.  The Clerk shall terminate all deadlines and pending motions and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of May, 2005.

                                                          JOHN E. STEELE
                                                          United States District Judge

Copies:
Parties of record
DCCD